[Cite as *Hinton v. Wiest*, 2022-Ohio-1699.]

STATE OF OHIO )　　　　　　　IN THE COURT OF APPEALS
　　　　　　　　　　　　)ss:　　　　　NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE )

GERALD E. HINTON　　　　　　　　　　C.A. No.  22AP0025

　　　Petitioner

　　　v.

MARK K. WIEST, JUDGE

　　　Respondent　　　　　　　　　　ORIGINAL ACTION IN
　　　　　　　　　　　　　　　　　　　PROCEDENDO

Dated:  May 23, 2022

PER CURIAM.

{¶1}　Petitioner, Gerald Hinton, has filed a document captioned "Relief after judgment pursuant to 60(B)(3), (4), (6), and (D)(3)."  He refers to this as a motion to obtain relief from an order entered by Judge Wiest in a Wayne County Common Pleas Court criminal case.  Because Mr. Hinton has not properly invoked this Court's appellate or original jurisdiction, this case is dismissed.

{¶2}　Ohio's courts of appeals have appellate jurisdiction "to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."  Ohio Constitution, Article IV, Section 3(B)(2).  This appellate jurisdiction is invoked by filing a notice of appeal with the clerk of the trial

court. App.R. 3(A). As it relates to this matter, Mr. Hinton did not file a notice of appeal to invoke this Court's appellate jurisdiction.

{¶3} The Ohio Constitution also vests the courts of appeals with original jurisdiction over five extraordinary writs: habeas corpus, mandamus, procedendo, prohibition, and quo warranto. Ohio Constitution, Article IV, Section 3(B)(1). This Court's original jurisdiction is invoked by filing a complaint or a petition. Mr. Hinton has not filed a complaint or petition seeking relief through an extraordinary writ.

{¶4} Mr. Hinton instituted this case by filing a motion seeking relief from the judgment Judge Wiest entered in Mr. Hinton's Wayne County Common Pleas Court criminal case. He has not filed a notice of appeal. He has also not filed a complaint or petition. Mr. Hinton's motion for relief, which is the only filing in this case, is captioned in this Court and makes specific reference to, and relies on, Civ.R. 60(B).

{¶5} Civ.R. 60(B) is a procedural vehicle that exists to modify a final judgment in a civil case. *Walsh v. Walsh*, 157 Ohio St.3d 322, 2019-Ohio-3723, ¶ 18. A motion for relief from judgment "is addressed to the sound discretion of the *trial court*, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." (Emphasis added) *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶6} Mr. Hinton's motion has asked this Court to grant him relief from an order of the trial court. His motion for relief from judgment has not properly invoked this Court's appellate or original jurisdiction. Accordingly, the case must be dismissed.

{¶4} The case is dismissed. Costs are taxed to Mr. Hinton. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its

date of entry upon the journal.  *See* Civ.R. 58(B).

_____
JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

GERALD E. HINTON, Pro se, Petitioner.

JUDGE MARK K. WIEST, Respondent.